THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ALKA SAGAR (Cal. State Bar No.: 115860)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6223
    Facsimile: (213) 894-6269
    E-mail: alka.sagar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. **08-01088** |
| | ) | |
| Plaintiff, | ) | PLEA AGREEMENT FOR DEFENDANT |
| | ) | FOSS THERAPY SERVICES, INC. |
| v. | ) | |
| | ) | |
| FOSS THERAPY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

1.   This constitutes the plea agreement between FOSS THERAPY

SERVICES, INC. ("defendant") and the United States Attorney's

Office for the Central District of California ("the USAO") in the

above-captioned case.   This agreement is limited to the USAO and

cannot bind any other federal, state or local prosecuting,

administrative or regulatory authorities.   The parties enter into

the following agreement pursuant to Federal Rule of Criminal

Procedure 11(c)(1)(C).

1

PLEA

2       2.   Defendant gives up the right to indictment by a grand

3  jury and agrees to plead guilty to a single-count information

4  charging defendant with conspiracy, in violation of 18 U.S.C.

5  § 371.

6       3.   Defendant will appear for arraignment, enter its guilty

7  pleas, and appear for sentencing through its counsel of record,

8  authorized by resolution of defendant's Board of Directors, or

9  authorized corporate or company officer.

10

NATURE OF THE OFFENSE

11      4.   In order for defendant to be guilty of count one,

12  which charges a violation of Title 18, United States Code,

13  Section 371, the following must be true: (1) beginning on or

14  about May 19, 2004, and continuing to on or about May 20, 2004,

15  there was an agreement between two or more persons to knowingly

16  make a materially false statement in a matter within the

17  executive branch of the United States Government; (2) defendant,

18  by and through its agents and employees, became a member of the

19  conspiracy knowing of at least one of its objects and intending

20  to help accomplish it; and (3) one of the members of the

21  conspiracy performed at least one overt act for the purpose of

22  carrying out the conspiracy.  Defendant admits that defendant is,

23  in fact, guilty of this offense as described in count one of the

24  information.

25      Under well-established principles of corporate liability and

26  respondeat superior, as these principles apply in this case, the

27  defendant is liable for the actions of its agents and employees.

28  New York Central and Hudson River R.R. v. United States, 212 U.S.

1   481, 495 (1909); <u>United States v. Beusch</u>, 596 F.2d 871, 877 (9th

2   Cir. 1979); <u>United States v. Hilton Hotels Corporation</u>, 467 F.2d

3   1000, 1004-07 (9th Cir. 1972).

PENALTIES

4

5        5.   The statutory maximum sentence that the Court can impose

6   on an organization for a felony conviction of 18 U.S.C. § 371, is

7   a term of five years probation, pursuant to 18 U.S.C.

8   § 3561(c)(1), a fine of $500,000, pursuant to 18 U.S.C.

9   § 3571(c)(3), or twice the gross gain or gross loss resulting

10  from the offense, whichever is greatest, pursuant to 18 U.S.C.

11  § 3571(d), and a special assessment of $400, pursuant to 18

12  U.S.C. § 3013(a)(2)(B).

FACTUAL BASIS

13

14       6.   Defendant and the USAO agree and stipulate to the

15  statement of facts attached to this agreement as Attachment A.

16  This statement of facts is sufficient to support a plea of guilty

17  to the charge described in this agreement.   It is not meant to be

18  a complete recitation of all facts relevant to the underlying

19  criminal conduct or all facts known to either party that relate

20  to that conduct.

WAIVER OF CONSTITUTIONAL RIGHTS

21

22       7.   By pleading guilty, defendant gives up the following

23  rights:

24            a) The right to persist in a plea of not guilty.

25            b) The right to a speedy and public trial by jury.

26            c) The right to the assistance of legal counsel at

27  trial.

28            d) The right to be presumed innocent and to have the

3

1  burden of proof placed on the government to prove defendant
2  guilty beyond a reasonable doubt.

3        e) The right to confront and cross-examine witnesses
4  against defendant.

5        f) The right to present evidence in opposition to the
6  charges, including the right to call witnesses and to subpoena
7  those witnesses to testify.

8    By pleading guilty, defendant also gives up any and all
9  rights to pursue any affirmative defenses, Fourth Amendment or
10 Fifth Amendment claims, and other pretrial motions that have been
11 filed or could be filed.

12                    SENTENCING FACTORS

13    8.   Defendant and the USAO agree and stipulate that,
14 pursuant to United States Sentencing Guidelines ("U.S.S.G.")
15 §§ 8C2.1 and 8C2.10, the sentencing guidelines are not applicable
16 in determining the fine for an organization.

17    9.   Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2, defendant
18 shall be sentenced to a term of organizational probation for five
19 years, based upon the following factors set forth in 18 U.S.C.
20 § 3553(a):  The nature and circumstances of the offense and the
21 history and characteristics of the defendant; and the need for
22 the sentence imposed to reflect the seriousness of the offense,
23 to promote respect for the law, to provide just punishment for
24 the offense, and to afford adequate deterrence to criminal
25 conduct.  The parties recognize that the proposed sentence
26 reflects, among other things, the benefit to the USAO in
27 conserving resources by entering into a pre-indictment "package"
28 plea with defendant and co-defendants Joseph Shepherd and Richard

4

1  Foss.

2      The terms and conditions of probation shall be:

3          a.   Defendant shall pay a total criminal fine of

4  $50,000 as to count one of the information.

5          b.   Defendant agrees that it shall commit no further

6  violations of federal, state, or local law.

7          c.   If defendant changes its name, the renamed company

8  shall be obliged to meet all of the obligations of defendant

9  under this agreement.   If defendant merges with another company

10  through a stock or asset purchase, the newly-created or merged

11  company shall be obliged to meet all of the obligations of

12  defendant under this agreement.

13          d.   Defendant agrees to pay to the Clerk of the United

14  States District Court for the Central District of California on

15  the date of sentencing (or as soon as the Court is able to accept

16  the payment) the mandatory special assessment of $400 pursuant to

17  18 U.S.C. § 3013(a)(2)(B).

18                     DEFENDANT'S OBLIGATIONS

19      10.   Defendant agrees that it will:

20          a) Plead guilty as set forth in this agreement

21  (provided, however, that defendant retains the right not to plead

22  guilty if prior to the scheduled change of pleading heading, the

23  United States Nuclear Regulatory Commission ("USNRC") issues an

24  order contrary to the terms described at sub-paragraph (g)

25  below).

26          b) Not knowingly and willfully fail to abide by all

27  sentencing stipulations contained in this agreement.

28          c) Not knowingly and willfully fail to: (i) appear for

5

1  all court appearances, and (ii) obey any other ongoing court
2  order in this matter.

3           d) Not commit any crime.

4           e) Not knowingly and willfully fail to be truthful at
5  all times with Pretrial Services, the U.S. Probation Office, and
6  the Court.

7           f) Pay the applicable special assessment at or before
8  the time of sentencing.

9           g) Not contest a USNRC order finding defendant violated
10  USNRC regulations in connection with the Model 5979 Type-B
11  Shipping Package ("5979 Package") on the following dates: July
12  2003, December 2003, and May 2004; and not contest a USNRC order
13  finding violations associated with the providing of inaccurate
14  information to SPEC regarding the 5979 Package (provided,
15  however, that the USNRC does not issue further violations related
16  to the shipment of the 5979 Package by SPEC in July 2003,
17  December 2003, and May 2004).

18           h)   Agree to the limitations on the scope of work as
19  described at Attachment B, for a period of five years.

20                          THE USAO'S OBLIGATIONS

21     11.  If defendant complies fully with all defendant's
22  obligations under this agreement, the USAO agrees:

23           a) To abide by all sentencing stipulations contained in
24  this agreement.

25           b) Except for criminal tax violations (including
26  conspiracy to commit such violations chargeable under 18 U.S.C.
27  § 371), not to further prosecute defendant for violations arising
28  out of defendant's conduct relating to the Model 5979 Type-B

                                    6

Shipping Package described in the stipulated factual basis set
forth at Attachment A.  Defendant understands that the USAO is
free to prosecute defendant for any other unlawful past conduct
or any unlawful conduct that occurs after the date of this
agreement.

BREACH OF AGREEMENT

12.  If defendant, at any time after the execution of this
agreement, knowingly violates or fails to perform any of
defendant's agreements or obligations under this agreement ("a
breach"), the USAO may declare this agreement breached.  If the
USAO declares this agreement breached at any time following its
execution, and the Court finds such a breach to have occurred,
then: (a) if defendant has previously entered a guilty plea,
defendant will not be able to withdraw the guilty plea, and (b)
the USAO will be relieved of all of its obligations under this
agreement.

13.  Following the Court's finding of a knowing and willful
breach of this agreement by defendant, should the USAO elect to
pursue any charge that was either dismissed or not filed as a
result of this agreement, then:

a) Defendant agrees that any applicable statute of
limitations is tolled between the date of defendant's signing of
this agreement and the commencement of any such prosecution or
action.

b) Defendant gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such prosecution, except to the
extent that such defenses existed as of the date of defendant's

7

1   signing this agreement.

2   ## LIMITED MUTUAL WAIVER OF APPEAL

3   14.   Defendant gives up the right to appeal any sentence

4   imposed by the Court, and the manner in which the sentence is

5   determined, provided that the sentence is that agreed to in

6   paragraph 9 above.   Defendant also gives up the right to bring a

7   post-conviction attack on the conviction or sentence, except a

8   post-conviction attack based on a claim of ineffective assistance

9   of counsel, a claim of newly discovered evidence, or an

10  explicitly retroactive change in the applicable Sentencing

11  Guidelines, sentencing statutes, or statutes of conviction.

12  15.   The USAO gives up its right to appeal the sentence,

13  provided that the sentence is that agreed to in paragraph 9

14  above.

15  ## COURT NOT A PARTY

16  16.   The Court is not a party to this agreement and need not

17  accept any of the USAO's sentencing recommendations or the

18  parties' stipulations.   Even if the Court ignores any sentencing

19  recommendation, finds facts or reaches conclusions different from

20  any stipulation, and/or imposes any sentence up to the maximum

21  established by statute, defendant cannot, for that reason,

22  withdraw defendant's guilty plea, and defendant will remain bound

23  to fulfill all defendant's obligations under this agreement.   No

24  one -- not the prosecutor, defendant's attorney, or the Court --

25  can make a binding prediction or promise regarding the sentence

26  defendant will receive, except that it will be within the

27  statutory maximum.

28

## NO ADDITIONAL AGREEMENTS

17.  Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

18.  The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_____          ___9-5-08___
ALKA SAGAR                                       Date
Assistant United States Attorney
Deputy Chief, Major Frauds Section

As an authorized representative of defendant FOSS THERAPY SERVICES, INC., I have read this agreement and carefully discussed every part of it with defendant's attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  Defendant's attorney has advised me of defendant's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of

9

1  entering into this agreement. No promises or inducements have
2  been given to me or defendant other than those contained in this
3  agreement. No one has threatened or forced me or defendant in
4  any way to enter into this agreement. Finally, I am satisfied
5  with the representation provided by defendant's attorney in this
6  matter.

7
8  _____          8-05-08
9  Authorized Corp. Representative        Date
   of defendant FOSS THERAPY SERVICES, INC.
10

11      I am defendant's attorney. I have carefully discussed every
12  part of this agreement with the authorized representative of
13  defendant. Further, I have fully advised the authorized
14  representative of defendant's rights, of possible defenses, of
15  the sentencing factors set forth in 18 U.S.C. § 3553(a), of the
16  relevant Sentencing Guidelines provisions, and of the
17  consequences of entering into this agreement. To my knowledge,
18  the decision of defendant and its authorized representative to
19  enter into this agreement is an informed and voluntary one.

20
21                                      8-6-08
22  GAIL J. STANDISH                     Date
    Counsel for Defendant
23  Foss Therapy Services, Inc.
24
25
26
27
28

                    10

ATTACHMENT A

FACTUAL BASIS

Defendant Foss Therapy Services, Inc., ("FTS"), was a company engaged in, among other things, the business of installing, removing, and servicing medical devices that contained the radioactive and hazardous materials Cobalt-60 and Cesium 137.   Co-defendant Richard D. Foss was the president of FTS ("Foss").   Co-defendant Joseph S. Shepherd was the vice president of FTS ("Shepherd").

FTS owned a 5979 Model Type-B shipping package ("5979 Package") that was regulated by the United States Nuclear Regulatory Commission ("USNRC") and the United States Department of Transportation ("USDOT").   The USNRC had issued a certificate of compliance ("COC") for the 5979 Package, which permitted the use of the 5979 Package for transportation of the USNRC-regulated materials Cobalt-60 and Cesium 137.   The COC issued for the 5979 Package described the required configuration of the package and set forth required inspection and maintenance procedures.   The COC also stated that during each inspection, the party conducting the inspection was required to note on an inspection check list any discrepancy between the 5979 Package and the configurations in the COC.

The USNRC issued a general license to a company called Source Protection and Equipment Company ("SPEC"), which permitted SPEC to transport byproduct, source, or special material in the 5979 Package.   Shepherd worked as an independent contractor for SPEC.   While working for SPEC, Shepherd was authorized to conduct required inspection and maintenance procedures on the 5979

11

Package.  Foss did not have a license issued by the USNRC to transport USNRC-regulated materials or to conduct required inspections and maintenance procedures on the 5979 Package.

On or about May 19, 2004, Shepherd and Foss were together in South Pasadena, California.  Shepherd was scheduled to conduct an inspection on the 5979 Package, in San Antonio, Texas, the next day.  Shepherd and Foss agreed that: (1) Foss would travel to San Antonio, Texas in Shepherd's place; (2) complete an inspection of the 5979 Package; and (3) complete and submit related paperwork, including an inspection check sheet.  Shepherd and Foss knew that Foss was not licensed to conduct such an inspection.

On or about May 19, 2004, prior to Foss's trip to San Antonio, Texas, Foss witnessed Shepherd complete and sign a bill of lading that falsely stated "the contents of this consignment . . . are in all respects in proper condition for transport by highway according to applicable [regulations]."  At that time, Foss and Shepherd knew that Shepherd had not and would not inspect the 5979 Package and it was Shepherd's responsibility to conduct those activities for SPEC.  Shepherd's false statement on the bill of lading was material to the USNRC and USDOT.

On or about May 20, 2004, Foss traveled from the Central District of California, to the Southwest Research Institute ("SWRI"), in San Antonio, Texas.  Foss brought with him the false bill of lading signed by Shepherd.  Once at SWRI, Foss conducted an unlawful inspection of the 5979 Package.  As Foss and Shepherd well knew, Foss was not authorized or trained by SPEC to perform inspections on SPEC's behalf.  During the inspection, Foss spoke on the telephone with Shepherd, who was in South Pasadena,

1  California, about how to complete the inspection and inspection

2  checklist.  Foss then wrote the word "ok" next to each applicable

3  task on the inspection checklist, indicating, among other things,

4  that he had inspected the end covers and cask screws and that

5  both were in compliance.  By writing "ok," Foss made a knowing

6  false statement because: (1) Foss was not authorized by SPEC to

7  conduct this inspection and (2) Foss did not actually inspect the

8  end cover and cask screws in full compliance with the COC.  The

9  false statement on the inspection checklist was material to the

10  USNRC and USDOT.  Foss then submitted the false bill of lading

11  signed by Shepherd along with the 5979 Package, making it appear

12  as if Shepherd had conducted the inspection.  The 5979 Package

13  then was used to transport Cobalt-60 to Mexico.

14

15      As an authorized representative of defendant FOSS THERAPY

16  SERVICES, INC. ("defendant"), I have read the statement of facts

17  and carefully discussed every part of it with defendant's

18  attorney.  I stipulate and agree that, based on the evidence

19  developed during this investigation, the statement of facts is

20  accurate and correct, and constitutes a factual basis for the

21  entry of a guilty plea to one count of conspiring to make a

22  materially false statement, in violation of 18 U.S.C. § 371.

23

24  *Richard D. Foss   President*          *8-5-2008*

25  Authorized Corp. Representative        Date
    of defendant FOSS THERAPY SERVICES, INC.

26

27

28

13                    **ORIGINAL**

1       I am defendant's attorney.  I have carefully discussed every

2 part of this statement of facts with the authorized

3 representative of defendant and agree that it constitutes a

4 factual basis for defendant's guilty plea to one count of

5 conspiring to make a materially false statement, in violation of

6 18 U.S.C. § 371.

7

8 _____         Aug 5, 2008

GAIL J. STANDISH                  Date

9 Counsel for Defendant

FOSS THERAPY SERVICES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT B

SCOPE OF WORK

Pursuant to California Radioactive Material License Number 6875-36, Foss Therapy Services ("FTS") is licensed to perform maintenance, repair, installation and removal of a variety of irradiators and teletherapy units.  The license also permits FTS to package certain radioactive materials.  FTS does not have an NRC license.

FTS agrees to the following conditions on its activities that arguably fall within the scope of work permitted under License No. 6875-36:

(1)   Item 9.M refers to the "packaging of radioactive sources" but is not specifically limited to Type A quantities.  FTS agrees to limit its packaging activities to Type A quantities only.

(2)   Item 19 states: "Teletherapy sources shall be transported only in DOT approved shipping containers." FTS agrees not to perform activities permitted by this Item.

(3)   FTS agrees that FTS, Richard Foss, and Joseph Shepherd will not perform packaging or shipping of Type B materials.  FTS intends to contract with companies that have a qualified USNRC Part 71 Quality Assurance Program.  FTS, Richard Foss, and Joseph Shepherd will not participate in packaging or shipping of Type B material sources -- that is, a device would be prepared, leak tested, monitored and packaged into a Type B container by others.

CERTIFICATE OF SERVICE

I, **ALEJANDRA SOTO**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy:

**PLEA AGREEMENT FOR DEFENDANT FOSS THERAPY SERVICES, INC.**

service was:

Gail Standish, Esq.
Winston and Strawn
333 South Grand Ave., 38th Floor
Los Angeles, CA, 90071-1543

[] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[✓] Placed in a sealed envelope for collection and mailing via United States Mail addressed as follows:

[] By hand delivery addressed as follows:

[] By facsimile as follows:

[] By messenger as follows:

[] By federal express as follows:

This Certificate is executed on **September 15, 2008,** at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
ALEJANDRA SOTO